UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JESSIE McLENDON            ]
     Plaintiff,             ]
                            ]
v.                          ]      No. 3:13-0854
                            ]      Judge Campbell
MONTGOMERY COUNTY JAIL      ]
     Defendant.             ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Jail, seeking injunctive relief and damages.

On August 14, 2013, mail was sent to the plaintiff at the Montgomery County Jail. A jail administrator opened the mail and determined that it contained "graphic sexual content". The jail administrator has refused to give plaintiff's mail to him. The plaintiff believes that personnel at the Jail have tampered with his mail in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Montgomery County, the entity responsible for the operation of the Jail. However, for Montgomery County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge